a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICKY DENTON<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-1440-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, ET AL.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") (Doc. 1) filed by pro se Plaintiff Ricky Denton ("Denton") (#51419-179), an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana.

Because Denton has not shown immediate and irreparable injury, that loss or damage will result before Defendants can be heard in opposition, or the likelihood of success on the merits, Denton's motion (Doc. 1) should be denied.

I.  Background

Denton filed complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), complaining of the denial of freedom of speech, access to the courts, access to the media, and cruel and unusual punishment. Denton complains that the prison is on an institution-wide lockdown following a "violent death" in the prison.

II.   Law and Analysis

Denton seeks a TRO because prisoners have been locked in their cells for over a week, provided bologna and peanut butter instead of hot meals, and are being denied access to the courts. (Doc. 1).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Irby to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); see also Flores v. Jacobs, 442 F. App'x 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary

injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 F. App'x at 165.

Denton cannot meet the requirements set forth above. Denton has not alleged any specific facts to show that immediate irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir.1989), cert. denied, 493 U.S. 969 (1989) (citation omitted).

Additionally, although Denton claims a deprivation of access to the courts and an inability to buy postage stamps, he has managed to submit four separate filings to the Court from November 5, 2018, through November 14, 2018. (Docs. 1, 4, 6. 7).

Denton's claims will be dealt with in the normal process of this lawsuit when and if Denton corrects the deficiencies noted in the Court's prior order. (Doc. 3).

### III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Denton's Motion for Temporary Restraining Order (Doc. 1) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20th day of November, 2018.

                                             Joseph H.L. Perez-Montes
                                             United States Magistrate Judge